

# Fourth Court of Appeals
## San Antonio, Texas

## DISSENTING OPINION

No. 04-26-00467-CV

**IN RE CHRISTUS SANTA ROSA HEALTH CARE CORPORATION D/B/A CHRISTUS SANTA ROSA CHILDREN'S HOSPITAL**, Relator

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2025-CI-26425
Honorable Angelica Jimenez, Judge Presiding

Opinion by:     Rebeca C. Martinez, Chief Justice
Dissenting Opinion by: Velia J. Meza, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                H. Todd McCray, Justice
                Velia J. Meza, Justice

Delivered and Filed: August 5, 2026

Because I believe that the trial court abused its discretion by compelling relator to produce that which was not requested or that is broader than what had been requested, I would conditionally grant relator's petition for writ of mandamus in part and order the trial court to vacate its order compelling production of "all policies in effect on" March 30, 2025, through June 2, 2025.

Accordingly, I respectfully dissent from the majority's decision to deny the petition for writ of mandamus *in toto*.

### DISCUSSION

The majority's denial appears to rest on the fact that the trial court's oral ruling was never reduced to writing. However, our rules provide that the appendix to a petition for writ of mandamus

must contain either "a certified or sworn copy of any order complained of, *or any other document showing the matter complained of.*"[1] And mandamus relief may be based on a trial court's oral ruling which is clear, specific, and an enforceable order that is adequately shown by the record.[2]

Here, the mandamus record contained the reporter's record transcribing the trial court's oral ruling. At the RPIs' hearing on its motion to compel production, the trial court ordered relator to produce "all of [its] policies in effect" from March 30, 2025, through June 2, 2025.[3] Because I conclude the trial court's oral order is sufficiently clear, specific, and enforceable for consideration on mandamus, I respectfully depart from the majority's denial.

Turning to the merits of relator's petition for writ of mandamus, generally, the scope of discovery is within the trial court's discretion, given that it imposes reasonable discovery limits.[4] But the Supreme Court has long held that trial courts abuse their discretion by ordering discovery that exceeds that permitted by the rules of procedure.[5] Additionally, our sister courts have stated that "[i]t is an abuse of discretion for the trial court to order discovery that has not been requested or that is broader that what has been requested."[6]

In this case, RPIs served relators with requests for production, with Request No. 19 seeking:

---

[1] TEX. R. APP. P. 52.3(l)(b) (emphasis added).

[2] *In re Hale*, No. 06-25-00116-CV, 2025 WL 3466616, at *1 n.1 (Tex. App.—Texarkana Dec. 3, 2025, orig. proceeding) (mem. op.).

[3] Unlike *In re Rhew*, which the majority cites to, the trial court's order in this case was not "articulated over the course of several pages in the reporter's record . . . and obscured by discussion of a number of contingencies." No. 05–16–00411–CV, 2016 WL 1551724, at *1 (Tex. App.—Dallas Apr. 15, 2016, orig. proceeding) (mem. op.). Here, the trial court's decision is clear, and even when clarification was sought, remained the same: relator was to disclose all of its policies in effect during the time period specified.

[4] *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding) (per curium).

[5] *Id.*

[6] *In re Methodist Primary Care Group*, 553 S.W.3d 709, 721 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding); *In re Exmark Mfg. Co., Inc.*, 299 S.W.3d 519, 531 (Tex. App.—Corpus Christi–Edinburg 2009, orig. proceeding) (mem. op.); *Langley v. Comm'n for Law. Discipline*, 191 S.W.3d 913, 915 (Tex. App.—Dallas 2006, no pet.); *In re Treatment Equip. Co.*, No. 02-19-00202-CV, 2019 WL 3295633, at *5 (Tex. App.—Fort Worth July 23, 2019, orig. proceeding) (mem. op.).

> [A]ll nursing manuals, nursing policies, nursing procedures, nursing guidelines, and nursing requirements in the actual or constructive possession, custody, or control of Defendant CHRISTUS SANTA ROSA HEALTH CARE CORPORATION d/b/a CHRISTUS SANTA ROSA CHILDREN'S HOSPITAL applicable to the medical, nursing, rehabilitative, and/or therapeutic care and treatment rendered to [RPIs].

By its plain language, this request contained two meaningful limitations. First, it is restricted to nursing manuals, policies, procedures, guidelines, and requirements. Second, those materials must be applicable to the care and treatment rendered to the plaintiffs. The request did not seek every policy maintained by relator, every policy in effect during the relevant period, nor every policy that might be referenced somewhere within another policy.

It was not until the hearing on their motion to compel production that RPIs argued for the production of all of relator's policies and procedures. Specifically, the RPIs contended that since their petition alleged relator's "hiring and training of staff led to the injury" complained of, they were entitled to all of the relator's policies and procedures. And counsel for RPIs made clear that this discovery entailed the production of "thousands of policies of procedures," since—in a different case—relator had inadvertently disclosed a "table of contents" with "thousands of policies and procedures for [her] to go through."

In response, relator argued that it has policies and procedures which are completely irrelevant and have no bearing on the issues involved in the case at hand, such as breastfeeding, cesarean section, and any other policy which involves the treatment and care of children that does not relate to childbirth. In the end, the trial court ordered relator to produce "all of [its] policies in effect" from March 30 through June 2 of 2025. And when relator's counsel sought clarification and asked whether the ruling extended to the "entire Children's Hospital," the court responded: "If they are referenced in any way, yes. Yes, for the dates in question."

Nothing in Request No. 19 authorized production of "all" policies in effect during the relevant period. Nor did it encompass every policy that may be "referenced in any way" by another policy. Such an order eliminates the limiting language chosen by the requesting party and replaces it with a substantially broader command. While I recognize that a trial court has broad discretion in managing discovery, this discretion does not extend to rewriting discovery requests or compelling production of categories of documents never requested. Discovery orders must be confined to the documents actually requested.[7] By requiring relator's to produce all of its policies in effect during the relevant period, the trial court disregarded the narrowing language contained in Request No. 19 and compelled production of categories of documents that the request did not seek.

Accordingly, because the trial court's discovery order is overly broad, contains no discovery limitations and is not narrowly tailored,[8] and orders discovery that was not properly requested,[9] I would find that the trial court abused its discretion.

## CONCLUSION

Concluding that the trial court discovery order constitutes an abuse of its discretion, I would conditionally grant the relator's petition for writ of mandamus in part and order the trial court to vacate its order compelling production of "all policies in effect on" March 30, 2025, through June 2, 2025. Because the majority does otherwise, I respectfully dissent.

Velia J. Meza, Justice

---

[7] *Methodist Primary Care Group*, 553 S.W.3d at 721; *Exmark Mfg. Co., Inc.*, 299 S.W.3d at 531; *Langley*, 191 S.W.3d at 915; *Treatment Equip. Co.*, 2019 WL 3295633, at *5.

[8] *See Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995) (orig. proceeding) (per curium) (holding that trial court ordering production "beyond that permitted by the rules of procedure was a clear abuse of discretion."); *see also* TEX. R. CIV. P. 192.3 (stating that a party may generally obtain discovery regarding any matter that is relevant to the subject matter of the pending action).

[9] *Methodist Primary Care Group*, 553 S.W.3d at 721; *see also* TEX. R. CIV. P. 196(a)–(b) (requiring "[a] party . . . serve on another party . . . a request for production . . . within the scope of discovery" which "must specify the items to be produced.").